# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

December 5, 2022

*via ECF*

The Honorable Andrew L. Carter
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Joseph Lamb v. Forbes Media LLC*, Case No. 1:22-cv-06319-ALC

Dear Judge Carter:

We represent Defendant Forbes Media LLC ("Forbes" or "Defendant") in the above-referenced matter. Pursuant to Paragraph 2(A) of Your Honor's Individual Rules of Practice, we write to request a pre-motion conference in connection with Defendant's anticipated Motion to Dismiss Plaintiff's Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Plaintiff Joseph Lamb has brought a one-count putative class action complaint against Forbes, alleging violation of the federal Video Privacy Protection Act, which limits the knowing disclosure of "personally identifiable information" ("PII") about a consumer to third parties. 18 U.S.C. § 2710 *et seq*. ("VPPA" or "the Act"). The Act defines PII as "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider". 18 U.S.C. § 2710(a)(3). The Act does not apply to every business, but only to video tape service providers*,* defined as those "engaged in the business . . . of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials." 18 U.S.C. § 2710(a)(4).

Lamb, who registered for the Forbes website eleven (11) days before bringing a federal class action lawsuit, has never watched a video on the website, never paid anything to Forbes for access to the content on the site, and has sued Forbes, a news organization, under a law designed to protect consumers of home entertainment. With the Court's permission, Forbes intends to move for the immediate dismissal of the action, including on the following independently-sufficient grounds.

      **I.**    **Factually, Plaintiff Has No Article III Standing**

Forbes will move to dismiss for lack of Article III standing. Plaintiff must prove by a preponderance of the evidence that standing exists by showing (1) injury-in-fact, (2) a causal connection between the injury and the conduct complained of; and (3) redressability of the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

On a factual challenge to standing, the defendant may submit and the court may consider evidence from outside the pleadings. *See, e.g.*, *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff cannot simply rely on its pleadings. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998).

Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville
Lakeland | Los Angeles | Miami | New York | Orlando | Philadelphia | Portland | San Francisco | Stamford
Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

Bogotá | London | Mexico City

December 5, 2022
Page 2

Forbes will submit two sworn declarations to show that Plaintiff has no standing. Together, these declarations will show that Plaintiff's allegations about his registration history and viewing activity are demonstrably false. The first will be from Defendant's counsel, to establish the email address Plaintiff claims to have used to sign in to the Forbes website. The second will be from a representative of Forbes to establish the results of a search of its business records using Plaintiff's email address. That inquiry determined that Plaintiff registered with Forbes on July 14, 2022, eleven (11) days before filing a highly-technical 23-page putative national class action in federal court, not in 2018 as he claims. Further, Forbes maintains records of videos obtained or requested from its website in connection with each registration. There is no record that Plaintiff obtained or requested any videos on the Forbes website.

Since Plaintiff has not "requested or obtained specific video materials or services" from Forbes, it follows inescapably that Forbes has no PII about Plaintiff and literally cannot have knowingly disclosed PII about Plaintiff to any third party. 18 U.S.C. § 2710(a)(3) (defining PII as including the identity of both the consumer *and* the material requested or obtained). Factually, Plaintiff has suffered no Article III injury-in-fact, requiring immediate dismissal under Rule 12(b)(1).

Independently, Plaintiff's registration with Forbes just before filing a federal class action lawsuit smacks of manufactured "injury". It is well settled that "a plaintiff may not establish injury for standing purposes based on a 'self-inflicted' injury." *Nat. Res. Def. Council, Inc. v. U.S Food & Drug Admin.*, 710 F.3d 71, 85 (2d Cir. 2013). The facts show that Plaintiff did not watch any videos on the Forbes website after registering on July 14, 2022, but even if (counterfactually) he had, it would have been transparently for the purposes of fabricating a pretext for this suit. Such self-inflicted injuries fail as a matter of Article III standing.

## II. Facially, Plaintiff Fails To State A Claim

Forbes will also move for dismissal under Rule 12(b)(6) for failure to state a cause of action. On a Rule 12(b)(6) analysis, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Complaint fails this simple test many times over, including for the following reasons.

### a. Plaintiff Fails to State a Claim Under The VPPA Because Forbes Is Not A "Video Tape Service Provider".

Congress passed the VPPA in 1988 to protect consumer privacy in selecting and viewing movies. In line with this intention, the Act restricts only video tape service providers, which it defines as those "engaged in the business . . . of rental, sale, or delivery of prerecorded *video cassette tapes or similar audio visual materials*." 18 U.S.C. § 2710(a)(4) (emphases added). Providing such video content must be "a focus of the defendant's work." *See In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1221 (C.D. Cal. 2017) ("the defendant's product must not only be substantially involved in the conveyance of video content to consumers but also significantly tailored to serve that purpose.").

The name Forbes is synonymous around the world with news. Plaintiff's own Complaint describes Forbes as a "global media, branding and technology company, *with a focus on news and information* about business, investing, technology, entrepreneurship, leadership and affluent lifestyles." *See* Amended Complaint, at ¶ 2 (emphasis added). Plaintiff does not allege facts

December 5, 2022
Page 3

rendering it plausible that Forbes, a worldwide name in news, should be radically re-characterized to be primarily engaged in providing entertainment content like that protected under the Act.

### b. Plaintiff Fails To Allege Forbes Disclosed His PII To A Third Party.

The VPPA specifies that PII "includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(3). In order to plead this element, Plaintiff must allege (1) that the information at issue is capable of identifying which videos Plaintiff watched and (2) Defendant knowingly shared this information with a third party without Plaintiff's consent. *See In re Hulu Priv. Litig.*, 86 F. Supp. 3d 1090, 1095 (N.D. Cal. 2015). Plaintiff fails to sufficiently allege both points.

Plaintiff has not adequately alleged facts making it plausible that any of the cookies at issue would enable an ordinary person to identify an individual as having watched specific videos. *See Wilson v. Triller, Inc.*, 2022 WL 1138073 (S.D.N.Y. 2022). The cookies at issue contain a visitor's Facebook ID and consist of strings of numbers. *See* Amended Compl. at ¶ 24, Figure 6. Plaintiff suggests an "ordinary person" would know that a string of numbers from these cookies is actually a Facebook ID. Plaintiff further assumes an ordinary person would know to attach that opaque string of numbers to the end of the www.facebook.com URL, bringing them to the user's Facebook page. *See* Amended Compl. at ¶ 33. These allegations are implausible and insufficient to state a claim under the VPPA.

### c. Plaintiff Has Not Sufficiently Pleaded That Forbes "Knowingly" Disclosed PII.

Even if Plaintiff had adequately alleged that Forbes disclosed PII, Plaintiff fails to adequately allege a *knowing* disclosure as required by the VPPA. The term "knowingly" connotes actual knowledge. *See In re Hulu Priv. Litig.*, 86 F. Supp. at 1095. Here, there are no well-pleaded allegations that Forbes had actual knowledge that Facebook would combine the information it received from the browser relating to the individual with the video title.

For these reasons, Defendant requests that the Court set a Pre-Motion Conference and enter a briefing schedule so that Defendant may move for dismissal pursuant to Rules 12(b)(1) and 12(b)(6). Defendant further requests that the Court stay the litigation pending the outcome of the anticipated motion.

Respectfully,

HOLLAND & KNIGHT LLP


Mark S. Melodia

Cc: Counsel of Record