```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8/10/23
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**LAMB,** *individually and on behalf of all others similarly situated*,

                            **Plaintiffs,**

              -against-

**FORBES MEDIA LLC,**

                            **Defendant.**

**22-cv-06319-ALC**

<u>**ORDER**</u>

**ANDREW L. CARTER, JR., DISTRICT JUDGE:**

      The Court is in receipt of the parties' papers related to Defendant's pending motion to dismiss. *See* ECF Nos. 26-33, 36-40.

      Defendant Forbes Media LLC ("Forbes" or "Defendant") brings a 12(b)(1) challenge to standing at the pleading stage. A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). "When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint or the complaint and exhibits attached to it (collectively the 'Pleading'), the plaintiff has no evidentiary burden" and "[t]he task of the district court is to determine whether the Pleading allege[s] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue." *Id.* (cleaned up). Alternatively, a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the Pleading. *Id.* at 57.

      Here, Defendant makes a fact-based Rule 12(b)(1) challenge in its motion to dismiss, relying on extrinsic evidence, namely the Declaration of David Johnson ("Johnson Decl."). ECF No. 27. "In opposition to such a motion, the plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1)

motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Carter*, 822 F.3d at 57 (quoting *Exchange National Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)). "However, the plaintiffs are entitled to rely on the allegations in the [Complaint] if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." *Id*. "If the extrinsic evidence presented by the defendant is material and controverted, the district court will need to make findings of fact in aid of its decision as to standing." *Id*; *see also Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) ("Going forward, where a defendant makes a fact-based Rule 12(b)(1) challenge to jurisdiction, we are confident that district courts will oversee the appropriate extent of fact-finding necessary to resolve the contested issue, and parties should be on renewed notice of both the right to introduce such evidence and the plaintiff's burden of proof to do so even at the motion-to-dismiss stage.")

Therefore, the Court **ORDERS** Plaintiffs to file evidence, such as an affidavit, to controvert Defendant's extrinsic evidence or to file a letter indicating they wish to rely solely on the allegations in their Complaint on or by **August 21, 2023**.

**SO ORDERED.**

**Dated:    August 10, 2023**
**         New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**