USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _4/1/2024_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH LAMB, and AMBER STOUFFE,

        **Plaintiffs,**

   -against-                                1:22-cv-06319-ALC

FORBES MEDIA LLC,                **OPINION AND ORDER**

        **Defendant.**

---

**ANDREW L. CARTER JR., United States District Judge:**

      Plaintiffs Joseph Lamb and Amber Stouffe ("Plaintiffs") bring this laction against Defendant Forbes Media LLC ("Defendant" or "Forbes"), alleging that Forbes disclosed their personally identifiable information to third-party social media sites in violation of the Video Privacy Protection Act ("VPPA"). ECF No. 22. On September 28, 2023 this Court granted Defendant's motion to dismiss Plaintiffs' second amended complaint for failure to state a claim upon which relief can be granted. *Lamb v. Forbes Media LLC*, No. 22-cv-06319-ALC, 2023 U.S. Dist. LEXIS 175909 (S.D.N.Y. Sep. 28, 2023); ECF No. 46. In lieu of moving to amend their complaint a third time, Plaintiffs moved on October 13, 2023 to stay this Court's prior Order granting Defendant's motion to dismiss throughout the pendency of the ongoing appeal in the case of *Salazar v. National Basketball Association*, 23-1147 (2d Cir.). For the reasons set forth below Plaintiff's motion to stay pending appeal is **GRANTED**.

## BACKGROUND

      Plaintiffs, two purported subscribers of Forbes' digital video content, brought this putative class action against Defendants alleging that the media company disclosed users'

sensitive personal identifying information to social media platform Facebook in violation of the VPPA. Plaintiffs' complaint was dismissed because Lamb and Stouffe did not sufficiently plead that they were the kind of "consumers" which could avail themselves of the protections of the federal statute. *Lamb v. Forbes Media LLC*, 2023 U.S. Dist. LEXIS 175909, at *34-41. The VPPA applies only to "renter[s], purchaser[s], or subscriber[s] of goods or services from a video tape service provider." 18 U.S.C. § 2710(a). This Court ultimately found that Plaintiffs were not subscribers within the meaning of the VPPA because neither Plaintiff alleged that their usage or perusal of Defendant's video offerings was in any way associated with their purported subscription to or account with Forbes. *Lamb v. Forbes Media LLC*, 2023 U.S. Dist. LEXIS 175909, at *37-40. This ruling was aligned with a slew of decisions made in this District and others over the past several years which, based on almost identical facts, came to the same conclusions. In the weeks since the publication of this Court's opinion, one such opinion, *Salazar v. National Basketball Association*, has been appealed to the Second Circuit Court of Appeals. 23-1147 (2d Cir.). The operative question before the Circuit in the *Salazar* appeal is whether Plaintiffs there qualified as "subscribers" under the VPPA. Case No. 23-1147, Dkt. 24-3 Form C, Addendum B (2d Cir.) (listing issue to be raised on appeal as "[w]hether the District Court erred in finding that Plaintiff would not be able to state a claim under the VPPA because Plaintiff did not meet the definition of 'consumer' as defined by the VPPA"). Plaintiffs ask this Court to stay this action pending the outcome of the *Salazar* appeal because of its likelihood to settle a significant legal issue undergirding our prior dismissal.

## LEGAL STANDARD

"A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion and the propriety of its issue is dependent upon the

circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id*. at 433-34. Plaintiffs here must demonstrate to the Court that a stay is warranted upon consideration of the following factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interest of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Poppel v. Rockefeller University Hospital*, 2019 WL 3334476 at * 2 (S.D.N.Y. 2019) (citing *Landri v. Smith* 2016 WL 828139 at * 2 (S.D.N.Y. 2016). "These factors are to be balanced, with the principal objective being the avoidance of unfair prejudice." *Am. Steamship Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 482 (S.D.N.Y. 2007), a*ff'd in part, vacated in part sub nom. N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102 (2d Cir. 2010). "In addition, a court may also properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action," *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012), even where "the issues . . . are [not] necessarily controlling on the action before the court." *Id.* (quoting *Goldstein v. Time Warner N.Y.C. Cable Grp.*, 3 F. Supp. 2d 423, 438 (S.D.N.Y. 1998)).

## DISCUSSION

The factors above favor staying this action during the pendency of the *Salazar* appeal. On the first factor, when deciding motions to stay, "[c]ourts are generally reluctant to stay proceedings because they are concerned with vindicating the *plaintiff's* right to proceed with its case." *Lasala v. Needham & Co.*, 399 F. Supp. 2d 421, 428 (S.D.N.Y. 2005). Because Plaintiffs

here make the request for a stay, the first factor regarding plaintiff's interest in proceeding "does not apply." *Id.*

Moving on to the second factor, a grant of a stay would not "unduly prejudice" the Defendant. *In re MPM Silicones, L.L.C.*, No. 15-CV-2280 (NSR), 2017 U.S. Dist. LEXIS 162681 at *2 (S.D.N.Y. Oct. 2, 2017). The only burden which Defendant alludes to in their filing is an amorphous interest in the dismissal of Plaintiffs' claims with prejudice. ECF No. 51. In this case, where no discovery production obligations have been imposed and an order dismissing the case has already been entered, the entry of a stay during the pendency of a potentially controlling appeal would not prejudice the Defendant. Defendants would not incur any further cost or expend much effort during the stay while the appellate court decides the *Salazar* case. Additionally, a stay might "advance [Defendant's] interest by providing the Court with guidance as to the quality, nature, and validity of the[] claims" raised in this action. *In re MPM Silicones, L.L.C.*, 2017 U.S. Dist. LEXIS 162681 at *2 (S.D.N.Y. Oct. 2, 2017).

"Third, a stay is 'in the interests of the court[].'" *Consumer Fin. Prot. Bureau v. Credit Acceptance Corp.*, 2023 U.S. Dist. LEXIS 137992, at *8 (S.D.N.Y. Aug. 7, 2023) (citing *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020)). A stay here would "promot[e] judicial efficiency and minimiz[e] the possibility of conflicts between different courts." *Catskill Mts. Chapter of Trout Unlimited, Inc. v. United States EPA*, 630 F. Supp. 2d 295, 297 (S.D.N.Y. 2009). The Second Circuit's decision in *Salazar* "could contain guidance that would allow this litigation to proceed on a reasonable and efficient basis." *Loftus*, 464 F, Supp. 3d at 527. This Court's Order dismissing the Complaint relied upon many thoroughly reasoned opinions from within and without this District but did not have the benefit of the potentially controlling Second Circuit caselaw. While the *Salazar* case "may not settle every question of fact and law before

this Court," it will, "in all likelihood . . . settle many and simplify them all." *Sikhs for Justice* 893 F. Supp. 2d at 622 (internal citations omitted). Defendant's insistence upon the fact that the Court's Order dismissing the Complaint did not rely exclusively on *Salazar* are ineffective. None of the many well-reasoned cases cited in support of this Court's holding were controlling Second Circuit opinions on the issue of whether Plaintiffs qualify as subscribers under the VPPA. The *Salazar* case asks the appellate court to answer that question directly and the Circuit could, in Plaintiffs' best-case scenario, decide that issue in Plaintiffs' favor. Thus, the resolution of the *Salazar* appeal could provide this Court with "guidance that would allow this litigation to proceed on a reasonable and efficient basis." *Loftus*, 464 F. Supp. 3d at 527.

Finally, a stay would be in the public interest. As Plaintiffs have made clear their intent to appeal this case in the event that a stay was not granted here, the grant of a stay would advance the interests of judicial economy. Such a filing "could well lead to unnecessary litigation that is time-consuming for this court, as well as for any third parties." *In re MPM Silicones*, 2017 U.S. Dist. LEXIS 162681 at *2; *see also Heiser v. Deutsche Bank Tr. Co. Ams.*, No. 11-CV-1608 (AJN) (MHD), 2012 U.S. Dist. LEXIS 96817, 2012 WL 2865485, at *5 (S.D.N.Y. July 10), *aff'd*, 2012 U.S. Dist. LEXIS 150265 (S.D.N.Y. Oct. 17, 2012) ("[C]onsiderations of judicial economy are frequently viewed as relevant to the public interest, and . . . they weigh against the investment of court resources that may prove to have been unnecessary.").

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to stay this action during the pendency of the appeal in *Salazar v. National Basketball Association*, Case No. 23-1147 is **GRANTED**.

**SO ORDERED.**

Dated:	April 1, 2024
	New York, New York

                                             ANDREW L. CARTER, JR.
                                             United States District Judge